RAMIREZ, J.
The plaintiff, April Realty Limited, appeals from an order granting summary judgment in favor of the defendants in an action for fraud, negligent misrepresentation, constructive trust, and negligence per se. We affirm because the trial court was correct in finding that April Realty failed to establish its claim against the defendants.
Ara Kulhanjian and Tom Gebing were interested in putting together a deal to acquire and develop a piece of property. They were seeking a third party investor to finance the deal and met with Marvin Braun, a friend of Kulhanjian. Braun made suggestions for using a joint venture to obtain the property and asked Kulhanji-an to put together a proposal. Kulhanjian prepared a hand-written draft of a joint venture proposal. He was a newly licensed real estate agent and inexperienced. Neither he nor Gebing had ever been involved in a joint venture property development. As a result, prior to sharing the proposal with Gebing or Braun, Kul-hanjian contacted Robert Sherry, the principal of April Realty Limited, and asked him to review and critique the draft of the proposal.
This hand-written draft proposal indicated that the property had been demucked and filled. It also indicated that Kulhanji-an and Gebing intended to acquire and develop the property as principals in a joint venture (Sherry later referred to Kulhanjian and Gebing as “wannabe principals”). Sherry told Kulhanjian that an investor would need to have his head examined if he agreed to go along with such a proposal. Some time later, Kulhanjian and Gebing brought Sherry to see the property. Sherry told them that he was interested in purchasing the property, but not as part of a joint venture. Sherry purchased the property and later learned that it had not been demucked and filled. April Realty Limited sued Kulhanjian, Gebing, and others. The complaint asserted claims for fraud, negligent misrepresentation, constructive trust, and negligence per se. The trial court entered two orders granting summary judgment in favor of the defendants, which we affirm.
Simply stated, the evidence is insufficient to support April Realty’s claims. In order to succeed on a claim of fraud, a plaintiff must establish that the defendant “made a deliberate and knowing misrepresentation which was designed to cause detrimental reliance.” Ocean Bank of Miami v. Inv-Uni Inv. Corp., 599 So.2d 694, 697 (Fla. 3d DCA 1992). Here, there is no evidence showing that Kulhanjian intended for Sherry to rely upon the information contained in the proposal draft, much less that the misrepresentation was knowing and deliberate. Sherry himself admits that the only reason Kulhanjian gave him the proposal was so that Sherry could offer him advice.
The lack of evidence showing that Kul-hanjian intended for Sherry to rely on the proposal draft is also fatal to the claim for negligent misrepresentation. The Supreme Court of Florida has adopted § 552 of the Restatement (Second) of Torts, which provides:
§ 552. Information Negligently Supplied for the Guidance of Others.
(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
*527 (2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.
(3) The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them.
Gilchrist Timber Co. v. ITT Rayonier, Inc., 696 So.2d 334, 337 (Fla.1997) (quoting Restatement (Second) of Torts § 552 (1977)) (emphasis added). As all of the evidence shows that the information contained in the proposal was not offered to provide guidance to Sherry, but rather was provided so that Sherry might offer his guidance to Kulhanjian, the trial court was correct in granting summary judgment on the claim for negligent misrepresentation.
April Realty also brought a claim for negligence per se, arguing a violation of section 475.421, Florida Statutes (1995) (repealed by Laws 2003), which provided that:
Any person who publishes or causes to be published by means of newspaper, periodical, radio, television, or written or printed matter any false or misleading information for the purpose of offering for sale or for the purpose of causing or inducing any other person to purchase, lease, or rent real estate located in the state, or to acquire an interest in the title thereto, is guilty of a misdemeanor of the first degree, punishable as provided in § 775.082 or § 775.083.
As there is a complete lack of evidence supporting its contention that the information contained in the proposal draft was provided to Sherry for the purpose of causing or inducing him to purchase the property, April Realty has failed to establish its claim for negligence per se.
Thus, the trial court’s orders granting summary judgment in favor of the defendants are affirmed.